**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**OPETAIA TAUAI, Defendant**

CR No. 30-95

December 1, 1995

Before KRUSE, Chief Justice, TAUAN'U, Associate Judge, and BETHAM, Associate Judge

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, Reginald E. Gates, Public Defender

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MISTRIAL

Following trial in this matter the jury returned a guilty verdict against the defendant on the charge of assault in the 2d degree. Subsequent to the discharge of jury, it came to the attention of the presiding justice that the alternate juror was inadvertently permitted into the jury room. Counsels

were alerted, and the presiding justice placed the matter on the court's November 17, 1995, calendar for hearing of any appropriate motions as the parties may desire to make.

The defendant consequently filed a motion seeking an order declaring a mistrial; on the grounds that the jury was improperly influenced in its deliberations by the alternate juror, who had participated in the deliberations and further signed off on the verdict. At the same time, one of the jurors, who had also voted guilty, did not sign the verdict form, because, as she had explained, there was no place provided for to sign-- after the alternate had already done so, and there were only six signatory blocks on the verdict form. The prosecution argued among other things that jury as subsequently polled was nonetheless unanimous, and accordingly no prejudice to the defendant.

We ordered briefing in the matter. Upon due consideration of the submissions of counsel, and the record herein, we are prepared to make and announce our ruling at this time in open court.

In this case the defendant essentially adopted the Tenth Circuit's ruling in *United States v. Beasley*, 464 F.2d 468 (10th Cir 1972), which held that the presence of an alternate juror in the jury room violated the F.R.Cr.P. 24(c) requirement that alternate jurors be "discharged after the jury retires to consider its verdict," and therefore required a mistrial as a matter of law. Predictably, the prosecution adopted the opposing position advanced by the Eleventh Circuit in *United States v. Watson*, 669 F.2d 1374 (11th Cir. 1982), which held that the presence of an alternate juror in the jury room was reversible error only when there was a "reasonable possibility that the alternate in any manner affected the verdict."

 The U.S. Supreme Court has since resolved this split of authority in *United States v. Olano*, 123 L.Ed 2d 508, 521-524 (1993), citing *Watson* approvingly, and stating that the presence of an alternate juror in the jury room is a per se violation of F.R.Cr.P. 24(c), but holding that the error was not reversible unless there is persuasive evidence that the jury was "actually prejudiced." The burden of showing actual prejudice is with the defendant. In *Olano*, although the alternate jurors were sworn and were indistinguishable from the regular jurors, they were specifically instructed by the trial judge not to participate in deliberations, and no evidence indicated that the alternates violated this instruction. In the present case, we find a reasonable possibility of prejudice, based on the fact that the alternate participated in deliberations without restriction, and ultimately signed the verdict to the exclusion of one of the regular jurors. In *Watson,* the Eleventh Circuit held that if an alternate deliberated with

the jury on the question of guilt, then reversal would be mandatory. 669 F.2d at 1391. We agree and therefore order a mistrial in the present case.